DIXON *v.* THE STATE.

LITTLE, J. 1. To render a confession of guilt admissible as evidence it must have been made voluntarily, without being induced by another by the slightest hope of benefit. Hence, any advice to a prisoner under arrest by the officer having her in custody, to the effect that if she knew anything she had better tell it, vitiates a confession induced thereby. *Green* v. *State,* 88 *Ga.* 516.

2. When in the trial of a criminal case it becomes a question whether or not the accused made a confession, a charge assuming that he did so is erroneous. Under such circumstances, the court should, in the proper connection, distinctly instruct the jury to ascertain from the evidence whether a confession has been in fact made.

3. Other than as above indicated, there was at the trial now under review no material error a repetition of which will probably occur on the next hearing.

*Judgment reversed. All the Justices concurring.*

Argued June 17,—Decided July 22, 1901.

Indictment for murder. Before Judge Evans. Johnson superior court. May 18, 1901.

*James K. Hines, Kent & Hatcher,* and *John R. Cooper,* for plaintiff in error. *J. M. Terrell, attorney-general,* and *B. T. Rawlings, solicitor-general,* contra.