## SMITH *v.* THE STATE.

The accused had been arrested for the offense of larceny, but was at liberty on bond. He requested advice from an employee.of the prosecutor, as to the best course to pursue. He was advised that if he was guilty, it would be best for him to go to the prosecutor and plead guilty, and that it would be lighter on him.' The accused then confessed the theft to his adviser. The confession, under these circumstances, was inadmissible, because presumably induced by the hope of benefit which might accrue from his admission of guilt.

Submitted March 20,—Decided May 10, 1906.

Accusation of larceny from the house. Before Judge Burch. City court of Dublin. February 19, 1906.

*W. C. Davis,* for plaintiff in error.

*G. H. Williams, solicitor,* and *J. S. Adams,* contra.

EVANS, J. The defendant was convicted of the offense of larceny from the house. A motion for a new trial was made, which was overruled, and he excepted. The grounds of the motion (in addition to the usual and formal complaint that the verdict was contrary to law and the evidence) were: (1) the admission in evidence of certain confessions of the accused under circumstances detailed in the record; (2) error in charging the probative value of a confession without calling the attention of the jury to the fact that they were first to determine whether a confession had been made; and (3) error in failing to charge that "if the goods in question were not missed from the stock, and the stock was never ascertained to be short or deficient, the presumption is they were sold and not stolen." The evidence submitted by the State tended to show, that the accused was in the employment of the prosecutors, who were wholesale grocers, as drayman and porter; that the articles described in the accusation were stolen from the warehouse of the prosecutors and were subsequently found in the possession of two negro shopkeepers; and that these articles were the property of the prosecutors and of the value alleged. The ac-

cused, as an employee, had access to these articles of merchandise. A witness for the State testified that the accused came to his house and called him out to the fence, there telling the witness he had been arrested and had given bond. He asked the witness what was the best thing for him to do. The witness replied that the best thing to do was to go and plead guilty, if he was guilty, to the prosecutors, and that it would be lighter on him. The accused stated to this witness (referring to the merchandise which had been stolen), that he "stole it from time to time and carried to places where it was found;" and that he had "part of the money and the lodge had the balance; and if they would settle for a reasonable amount, he would settle it." The witness did not ask the accused about the particular articles mentioned in the indictment, and did not know what had been stolen, as he had not been to the store. The testimony regarding this confession was objected to because it was obtained by the hope of benefit held out by the witness to the accused, and was not voluntarily made. The court admitted the testimony.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." Penal Code, §1006. The person to whom the confession of the accused was made was the shipping clerk of the prosecutors. Very probably it was because of this relation that the accused went to the shipping clerk to discuss the charge preferred against him. When the shipping clerk gave the assurance that, if the accused was guilty, it would be better for him to confess his guilt to his former employers, and that "it would be lighter on him," most likely the accused unburdened himself by an admission of his guilt in the hope that the owners of the stolen articles would extend mercy, if not forgiveness of his act. In *Byrd's* case, 68 *Ga.* 661, it was held that "A confession of larceny of meat by an employee, induced by a statement from his employer that 'if he would bring up the meat, there was a probability the whole matter could be settled,' comes within the prohibition contained in . . the code, and should not have been admitted." In the words of the statute, if the confession is induced by another by "the slightest hope of benefit," it is thereby rendered inadmissible. It must be apparent that the assurance of a possible, if not probable, hope of benefit was an inducement to

the accused to confess his guilt. We think this testimony should have been rejected.

The evidence as to the confession being inadmissible, it is not necessary to notice the assignment of error on the charge of the court about confessions. It is only necessary to observe that the complaint that the court failed to charge as specified in the third special ground of the motion is without merit; if for no other reason, because there was no request to so charge. With the confession of the accused eliminated from the case, the evidence was insufficient to warrant the verdict.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*