### 15821.   MORRIS *v.* THE STATE.

The alleged confession was inadmissible as evidence, over the defendant's objection, because of the inducement held out by the deputy sheriff, who testified: "I told the defendant it would be best for him to come on and tell the truth about it, I told him all we wanted was the truth, and wanted the man's goods back. . . I told him the man wanted his goods back, and come clean and tell the truth."

DECIDED NOVEMBER 12, 1924.

Indictment for burglary; from Bibb superior court—Judge Malcolm D. Jones.   June 14, 1924.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J.   1.   Upon the trial of a criminal case evidence of a confession by the accused is not admissible unless it appears that the confession was made voluntarily, without being induced by another, by the slightest hope of benefit or the remotest fear of injury.   Civil Code (1910), § 1032.   In the instant case a deputy sheriff testified to an alleged confession made by the defendant. Upon cross-examination the witness swore as follows: "I told the defendant it would be the best for him to come on and tell the truth about it, I told him all we wanted was the truth, and wanted the man's goods back. . . I told him the man wanted his goods back, and come clean and tell the truth." It appears from a ground of the motion for a new trial (the truth of which is certified to by the trial judge) that these statements were made by the officer to the defendant before the alleged confession was obtained.   Under these facts the court committed reversible error in admitting the evidence as to the confession over the timely and appropriate objections. of the defendant.   See, in this connection, *Green* v. *State*, 88 *Ga.* 516 (15 S. E. 10, 30 Am. St. R. 167); *Dixon* v. *State*, 113 *Ga.* 1039 (1) (39 S. E. 846); *Smith* v. *State*, 125 *Ga.* 252 (54 S. E. 190); *King* v. *State*, 155 *Ga.* 707 (118 S. E. 368); *Johnson* v. *State*, 1 *Ga. App.* 129 (1), 131 (57 S. E. 934).

2.   The other special grounds of the motion for a new trial relate

to alleged errors which are not likely to occur upon another trial of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*