## 18832. ARVINGER v. THE STATE.

DECIDED MAY 15, 1928.

*Kirkland & Kirkland,* for plaintiff in error.

*L. C. Anderson, solicitor,* contra.

BLOODWORTH, J. The true bill in this case alleged that the accused did "take and carry away, with the intent then and there to steal the same, 2-½ barrels of turpentining gum of the value of $30.00 and the property of Myer Saul." Myer Saul appeared from the indictment to be the prosecutor. The record shows that on the trial of the case J. M. Wilkins, a justice of the peace, swore that in his presence and in the presence of J. L. Dickerson, a constable, the prosecutor told the accused that if he would get up his money he would stop the case. The constable swore: "We told him [the accused] that there would have to be something done, or we would have to try him one way or the other." This all occurred before the accused made the alleged confession. The evidence of the justice of the peace and of the constable was objected to on the ground that if the statement made by the defendant was a confession, it was not freely and voluntarily made, and there was held out to him the hope of a reward and an inducement to make the statement. Section 1032 of the Penal Code provides that "To make

a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." The headnote in *King* v. *State,* 155 *Ga.* 707 (118 S. E. 368), we have adopted as the headnote in this case. See *Byrd* v. *State,* 68 *Ga.* 661 (2) ; *Frain* v. *State,* 40 *Ga.* 529; *Johnson* v. *State,* 1 *Ga. App.* 129 (57 S. E. 934) ; *Allen* v. *State,* 4 *Ga. App.* 458 (61 S. E. 840) ; *Morris* v. *State,* 33 *Ga. App.* 53 (125 S. E. 508), and cit. The confession, evidence of which was admitted over objection, we think, was induced by a hope of benefit, and should not have been admitted, and, as the remaining evidence did not demand the verdict, the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*