28362. McKENNON *v.* THE STATE.

DECIDED NOVEMBER 1, 1940.

*D. C. Jones,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.

GARDNER, J. The indictment alleged that the defendant broke and entered the express office connected with the depot, and stole therefrom one screwdriver of the value of ten cents. It does not appear that anything else was taken. The evidence for the State, independently of the alleged confession, was insufficient to connect the defendant with the crime. The facts that tracks may have been found near the depot and that they were traced to the defendant's home, and that they (let it be conceded) were made by him, fail entirely to connect him with the crime, unless it be shown that these were the only tracks there and were connected in some way with the alleged breaking and entering. Any other person who passed the depot during that period might equally have been under suspicion. If the screwdriver which was found in a barn where the defendant, a negro boy of twenty years, was living with his parents, was the screwdriver taken from the express office (and the evidence is in sharp conflict as to this), that fact does not connect the defendant with its possession any more than it does the father. When

the officers searched the house and found the shoes which they claimed made the tracks they had followed they arrested and beat the defendant. One of them testified: "I do not know of any blood being on Hubert McKennon's face and ear after he was arrested. I did not see any blood on him. I did not see any bruised places about his head and face. Nobody struck him at the jail. Somebody struck him at McKennon's house. I slapped him twice. . . I slapped the side of his head, not in the face. . . I gave him a couple of slaps after I got the shoes. Why I did it was, I asked him why he was lying about them and why didn't he tell us where they were at first." The defendant was then carried to the jail, and when he was being finger-printed the officer talked to him. As to this the officer testified: "I said, 'Hubert, go ahead and tell the truth, and it will be a heap lighter than if we have to go to all the expense of hunting up evidence and working on the case,' and he told me he went into Seligman's, the Fair store, and the depot, but that he did not go into E. A. Smith's. I asked him, 'What did you do that for?' and he told me the reason he did this was because he was drunk." This evidence was not objected to. Only the general grounds are presented in the motion for new trial.

The Code declares that a "confession of guilt shall be received with great caution." Code, § 38-420. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." § 38-411. The defendant in this case stated that he went into these places, so he said, "to keep them from beating me." The jury were authorized to reject this confession. However, the testimony quoted above comes from the State's witnesses. If objected to, it should have been excluded. *Dixon* v. *State,* 113 *Ga.* 1039 (39 S. E. 846); *Smith* v. *State,* 125 *Ga.* 252 (54 S. E. 190). In *Wilson* v. *State,* 19 *Ga. App.* 759, 767 (92 S. E. 309), it was said: "In 1 Greenleaf on Evidence (16th ed.), 354, § 219a, it is declared that 'The foundation of all rules upon this subject rests upon an anxiety to exclude confessions that are probably not true; and therefore to exclude those that are not voluntary because such are probably untrue.'" Hence we have the rule that an involuntary confession is legally false. Merely to tell a defendant "to tell the truth" does not make what is said involuntary. As was said in 1 Bishop's Criminal Procedure, § 1227, "Since the danger that

the confession will be false is the ground for excluding it, an exhortation, re-enforced or not by a motive, to tell the truth, does not render inadmissible what is said. in response, unless the meaning is that the real thing sought is a confession, the speaker assuming the truth to be guilt." *Wilson* v. *State,* supra. Applying this principle to the language of the witness for the State, it is apparent that the witness assumed that the defendant was guilty; for he further stated, "'if we have to go to all the expense of hunting up evidence and working on the case." There was certainly such inducement as to make applicable the rule, and render the evidence as to a confession inadmissible. If under the undisputed evidence it was legally inadmissible, it was legally insufficient to support a verdict of guilt, although it was admitted without objection, because the law presumes it to be legally false. The verdict in this case is not supported without the alleged confession. This alleged confession, under the principles cited above, is presumed to be legally false, and a conviction can not be predicated thereon. The court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*