## TURNER v. THE STATE.

DUCKWORTH, Presiding Justice. 1. While under the Code, § 38-411, a confession is admissible only if made voluntarily, without being induced by another by the slightest hope of benefit or the remotest fear of punishment, and it was held in *Green* v. *State,* 88 *Ga.* 516 (15 S. E. 10, 30 Am. St. R. 167); *Dixon* v. *State,* 113 *Ga.* 1039 (39 S. E. 846); *King* v. *State,* 155 *Ga.* 707 (118 S. E. 368); and *McLemore* v. *State,* 181 *Ga.* 462 (182 S. E. 618, 102 A. L. R. 634), that the confessions there dealt with were inadmissible because of the nature of the statements made to the accused, together with the circumstances surrounding the accused at the time he made the confession, yet in the Code, § 38-412, it is provided that "The fact that a confession shall have been made under a spiritual exhortation, or a promise of secrecy, or a' promise of collateral benefit, shall not exclude it;" and it was held in *Hicks* v. *State,* 178 *Ga.* 561 (173 S. E. 395), and *Watkins* v. *State,* 199 *Ga.* 81 (33 S. E. 2d, 325), that confessions otherwise admissible are not rendered inadmissible because the accused was told by another in substance that it was always best to tell

the truth. Thus is illustrated the necessity of deciding each case upon its particular facts and circumstances, the applicable rule of law being that an involuntary confession is inadmissible, and a voluntary confession is admissible. The voluntary character of the confession depends on the question whether the making of the statement was voluntary, and not whether the particular communication contained in it was voluntary. Bram v. United States, 168 U. S. 532 (18 Sup. Ct. 183, 42 L. ed. 568).

2. While the plain provisions of the Code, § 38-412, forbid a ruling that to be admissible a confession must be spontaneous, as was said in *King* v. *State*, supra, the provisions of § 38-411 require the exclusion from evidence of any confession that is induced by another by the slightest hope that the confession would make his punishment lighter. Accordingly, the confession or incriminatory statement in the present case, in which the accused was convicted of murder with a recommendation of mercy, was inadmissible, inasmuch as it is shown by the record that the sheriff, to whom it was made and who had arrested the accused, testified that "All I told him was if he would tell the truth it would be lighter on him," and the confession or incriminatory statement followed that statement of the sheriff. Such a statement by the arresting officer was improper and no doubt gave the accused, not merely the "slightest hope," but a real hope for lighter punishment. The court erred in admitting the alleged confession or incriminatory statement of the accused over objection.

3. While we have ruled on the admissibility of the statement of the accused according to the law applicable to confessions, though it may amount to no more than an incriminatory statement, the rule as to its admissibility is the same as that applied to a confession. See *Fuller* v. *State*, 109 *Ga.* 809 (35 S. E. 298); *Mill* v. *State*, 3 *Ga. App.* 414 (60 S. E. 4).

4. The above ruling, which will exclude the alleged confession, makes it unnecessary to rule on the special ground excepting to the failure to charge relative to a confession. Other special grounds complaining of the failure to charge are without merit.

*Judgment reversed. All the Justices concur, except Bell, and Wyatt, JJ., absent on account of illness.*

No. 16240. June 16, 1948.

*Joe M. Ray*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *Maston O'Neal*, Solicitor-General, *J. Martin Cowart*, and *Margaret Hartson*, contra.