## 32093. JORDAN *v.* THE STATE.

DECIDED JULY 31, 1948.

*R. V. Hyman, Harris & McMaster, E. T. Averett,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, J. The defendant was convicted of larceny from the house. He filed an amended motion for a new trial on the general and three special grounds, each of the special grounds raising substantially the same question of law. The motion for a new trial was overruled and to this judgment he excepts and assigns the same as error.

The State relied for a conviction on proof of the corpus delicti and a confession of the defendant. There is no controversy as to the proof of the corpus delicti; but the sole question raised is whether the alleged confession relied on by the State to convict the defendant was legally obtained and legally admitted in evidence over the objections of the defendant. The record does not reveal any evidence at all, aliunde the confession, to connect and identify the defendant with the commission of the crime for which he was convicted. If the confession was legally admitted over the timely objection of the defendant, the verdict should be sustained; if not, the verdict should be reversed.

The sheriff, while on the witness stand testifying in behalf of the State, related the facts and circumstances concerning the offense and the arrest of the defendant. He testified that the defendant had made a statement freely and voluntarily without hope of benefit or the remotest fear of injury and that the statement, so made, had been taken down and typed and read to the defendant after it had been typewritten. The statement of the defendant, which was in much detail as to the commission of the crime, was offered in evidence by the State. At the time it was offered, counsel for the defendant objected to the introduction of the same on the ground that the testimony of the sheriff showed that the statement was not freely and voluntarily made, but that it was induced by the sheriff in violation of Code of 1933, § 38-411. The court overruled the objection and admitted the alleged confession.

The testimony of the sheriff, which is contended by the defendant to show that the confession was not freely and voluntarily made but was induced by the sheriff, appears in the record in question and answer form, as follows:

"Q. Did you ever say anything to him about a confession? A. Yes, sir, I asked him about it. Q. You told him it would be best for him to confess it? A. Sure I would, yes, sir. Q. What did you say you told him it was best to do? A. I told him it was best to tell the truth about the matter and not to lie about it. Q. Mr. Godfrey asked you some questions if you told him it was best to confess it; I mean Mr. Averett did—asked you if you told him it was best to confess it? A. No, sir, I wouldn't say that—I would say it was best to tell the truth about it is

what I told him. Q. Do you recall the exact words? A. No, sir. Q. You may have said confess or own up to it or tell the truth about it? A. I could have said any one to him. I wouldn't say positively which one I said."

In our opinion the testimony, above quoted, of the sheriff as to the manner in which he procured this alleged confession rendered the confession inadmissible and the court erred in admitting it over objection and in overruling the motion for a new trial based on this ground. *Green* v. *State*, 88 *Ga.* 516 (15 S. E. 10, 30 Am. St. R. 167); *Dixon* v. *State*, 113 *Ga.* 1039 (39 S. E. 846); *Smith* v. *State*, 125 *Ga.* 252 (54 S. E. 190); *McLemore* v. *State*, 181 *Ga.* 462 (182 S. E. 618, 102 A. L. R. 634); *Morris* v. *State*, 33 *Ga. App.* 53 (125 S. E. 529). See also *Turner* v. *State*, 203 *Ga.* 770 (48 S. E. 2d, 522).

Since the case must go back for another trial where the evidence may not be the same, following the usual custom we will not discuss the general grounds; and the other special ground which complains of the refusal to direct a verdict for the defendant is without merit.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*