### 35466. TUCKER v. THE STATE.

CARLISLE, J. 1. Where, upon the trial of one charged with the possession of non-tax-paid whisky, it appears that the trial court, over the timely and proper objection of counsel for the defendant that no proper foundation had been laid for the introduction in evidence of an alleged confession of the defendant, permitted a captain of police to testify concerning the defendant's confession, without first requiring the State to establish "a prima facie case" that such confession was free from extraneous inducement, by having the witness explain or state the circumstances attendant upon the defendant's confession, a new trial will be granted. *Lemon* v. *State*, 80 *Ga. App.* 854 (57 S. E. Ed 626); *McLemore* v. *State*, 181 *Ga.* 462, 469 (182 S. E. 618, 102 A. L. R. 634); *Bryant* v. *State*, 191 *Ga.* 686, 710 (13 S. E. 2d 820); *Sconyers* v. *State*, 67 *Ga. App.* 902, 904 (21 S. E. 2d 504); *Coker* v. *State*, 199 *Ga.* 20, 23 (33 S. E. 2d 171); *Garrett* v. *State*, 203 *Ga.* 756, 762 (48 S. E. 2d 377); *Jordan* v. *State*, 77 *Ga. App.* 657 (48 S. E. 2d 756). The fact that the defendant induced the conference between himself and the captain of police, during which the confession was allegedly made, is not, of itself, illustrative of the issue of whether the defendant's confession was free from extraneous inducement; and nothing else appearing from which it could be said that the voluntariness of the confession was prima facie established, the trial court should not have permitted the testimony concerning this confession to go to the jury. The fact that it later appeared from the evidence that perhaps the confession was voluntary does not cure the initial error of admitting the confession without the preliminary examination, which is mandatory under the statute and the decisions where a timely objection is interposed to such evidence. Nor does the fact that another confession, prima facie voluntary, made at a different time and place, under different circumstances and to different persons, appears in evidence render the introduction of this confession in evidence harmless.

2. The case must be remanded for another trial, on which the evidence may not be the same as on this trial, and for that reason the general grounds and the other special grounds, objecting to the refusal of the trial court to grant a mistrial, need not be determined at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 9, 1955—REHEARING DENIED MARCH 2, 1955.

*George L. Jackson, H. T. O'Neal, Jr.,* for plaintiff in error.

*O. L. Long, Solicitor, William K. Buffington, Assistant Solicitor,* contra.