36232. THORNTON *et al.* v. THE STATE.

DECIDED JULY 9, 1956.

*Jesse T. Edwards,* for plaintiff in error.

GARDNER, P. J. ■ We will first discuss the assignments of error as to Willie Lee Thornton. The first assignment of error we will discuss as to him is that objections were made in his behalf to the effect that the alleged confession of Raymond Thornton, made not in the presence of Willie Lee Thornton, was not admissible as against Willie Lee Thornton. The record does not reveal any evidence as to a conspiracy between the two defendants regarding the burning of the house. It is true that where a conspiracy is proven as between two or more defendants to do an unlawful act during the progress of the conspiracy, the statement of one conspirator is admissible as evidence against all of the conspirators. The statement of the defendant Raymond Thornton was made after the crime was completed, that is, after the pack house had been burned. Such rule as we have above

mentioned does not prevail in such a situation as is presented here. See *Lyon* v. *State,* 22 *Ga.* 399; *Moye* v. *State,* 66 *Ga.* 740; *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928); *Simmons* v. *State,* 115 *Ga.* 574 (41 S. E. 983); *Watson* v. *State,* 136 *Ga.* 236 (71 S. E. 122); *Weldon* v. *State,* 158 *Ga.* 140 (123 S. E. 217), and *Tucker* v. *State,* 91 *Ga. App.* 592 (86 S. E. 2d 634). In reading this evidence, outside of the testimony of the State's witness regarding the alleged confession, there is no evidence whatsoever to connect the defendant Willie Lee Thornton with the offense charged. We will, therefore, not discuss the assignment of error as to the judge having directed the jury to return and strike from that verdict the recommendation. The judgment against Willie Lee Thornton is reversed.

■ ■ We come next to discuss the case as to Raymond Thornton. The court did not err in admitting the alleged confession of Raymond Thornton into this record. As to him the evidence as to the general grounds amply sustains the verdict.

■ The court did not err in admitting the alleged confession as against this defendant on which this defendant assigns error on the special grounds.

■ The only other material special ground assigns error on certain remarks of the solicitor-general in his argument. The argument of the solicitor-general as set out in this special ground is: "Raymond Thornton has already entered a plea of guilty here today to an indictment charging him with stealing the tobacco from this tobacco pack house and you ought to convict him." In regard to this, counsel stated: "I would like the record to show that the solicitor-general in his argument to the jury stated that this defendant had entered a plea of guilty to stealing the tobacco and this put the defendant's character in issue, when their [his] character has not been made material to the innocence or guilt of the accused on trial, and it had such a devastating effect upon the minds of the jurors as to deprive this defendant, Raymond Thornton, of a fair and legal trial for that reason we wish to move for a mistrial, ask the court to declare a mistrial at this time." The court: "Overrule your motion." When this defendant was making his statement to the jury he told them that he stole the tobacco out of the barn but that he had nothing to do with burning the barn and knew nothing of it. Technically speaking it

was error for the solicitor-general to make the statement, but in our opinion it is not sufficient under the record in this case for this court to reverse the judge's refusal to declare a mistrial. We arrive at this opinion for the reason that this defendant when on the stand admitted to the jury that he did steal the tobacco. We cannot conceive that a jury would pay any more attention to what the solicitor-general stated than to what the defendant stated himself. We find no reversible error on either the assignments on the general grounds or the assignments on the special grounds or either one of them which would require a reversal as to this defendant.

*The judgment of the trial court in its verdict and judgment as to Willie Lee Thornton is reversed, and the verdict and judgment as to Raymond Thornton is affirmed. Townsend and Carlisle, JJ., concur.*