## 52173. HICKOX v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of theft by taking.

1. Enumerated error 3 is the denial of the defendant's motion to disqualify for cause a prospective juror who stated that he audited the books for Ware County (which was a co-owner with the City of Waycross of the timber allegedly stolen), and that, as a homeowner and taxpayer, he had a personal interest in the case in that any revenue loss would have to be made up by everyone's property tax.

Assuming that the prospective juror was otherwise competent to serve, he was not rendered incompetent by his status as inhabitant, citizen, resident, homeowner and/or taxpayer of either the county (Code § 59-714) or the city (Code § 59-715).

Nor is there any provision of law which would automatically disqualify an employee of either the city or the county, neither of which is a party to the case. See *Lewis v. Williams,* 78 Ga. App. 494, 499 (2) (51 SE2d 532). It was not shown that his employment as auditor of the county's books had been placed in jeopardy by the defendant's alleged wrongdoing. As to any possible bias or prejudice against the defendant, the prospective juror, in answer to voir dire questions put to him by counsel and the judge, stated that he would be willing to listen to the evidence in the case and the law in the charge and arrive

at a fair verdict based on the facts as he found from the evidence to be, and that he could judge the case and the defendant objectively and without any bias or prejudice, etc.

Furthermore, it does not appear that any possible error in the judge's ruling was harmful, since the record indicates that the defendant had used only 2 of his 20 peremptory challenges when this prospective juror's name was called and had 2 remaining at the conclusion of the call, so that he was able to strike this juror without using all of his challenges. See *Green v. State,* 138 Ga. App. 466 (2) and cits. This enumerated error is without merit.

2. The trial judge did not err in refusing to allow the defendant's counsel to cross examine state's witnesses with reference to possible illegal cutting and removal of timber by co-indictees from areas on tracts of land contiguous to the tract from which the defendant is charged with taking. Such evidence is irrelevant and immaterial, hence inadmissible, upon the trial of the accused in this case; proof that others may have committed similar offenses or even the offense for which the defendant is tried, does not prove that the defendant was not also implicated. See *Knight v. State,* 143 Ga. 678, 683 (7) (85 SE 915); *Bryant v. State,* 197 Ga. 641, 655 (9) (30 SE2d 259); *Little v. Stynchcombe,* 227 Ga. 311 (2) (180 SE2d 541); *Kendrick v. State,* 123 Ga. App. 785, 789 (4) (182 SE2d 525); *Williams v. State,* 126 Ga. App. 302, 304 (1) (190 SE2d 807). Enumerated errors 4, 5, 6, 7, 8 and 9 are without merit.

3. Although the defendant's testimony concerning a telephone conversation between himself and co-indictee Willie Leapheart (also spelled "Leaphart" in the record), if admitted, might have been admissible "to explain conduct and ascertain motives" (Code § 38-302), "[a] judgment will not be reversed, on an exception to the refusal of the trial court to allow a competent witness to testify, where the record does not show what testimony the witness was expected to give." *Hall v. State,* 202 Ga. 619 (2) (44 SE2d 234). For this reason, enumerated error 10 is without merit.

4. Where it appears that the defendant's in-custody

admissions were obtained by the "slightest hope of reward" the same are not admissible in evidence. Thus, alleged admissions to Captain Murrhee procured subsequent to that officer's statement that he would intercede with the judge in the defendant's behalf and see that his bond was lowered so he could get out of jail, were improperly admitted in evidence. See Code § 38-411; *Turner v. State,* 203 Ga. 770 (2) (48 SE2d 522); *Jordan v. State,* 77 Ga. App. 656 (48 SE2d 756), and cits. Enumerated error 11 is meritorious, requiring a new trial.

5. Enumerated error 12 is the refusal to give a requested charge on bribery (Code Ann. § 26-2301 (2) (Ga. L. 1968, pp. 1249, 1305)). Although it may be possible that the evidence of the defendant's acts would have constituted the crime of bribery, nevertheless the evidence authorized the finding that the defendant was "concerned in the commission of" the crime of theft by taking and thus "is a party thereto" under one or more of the conditions specified in Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271), even though he did not personally cut, remove or sell the timber. This enumeration of error is without merit.

6. Since the case is to be retried for the reason stated in Division 4 hereinabove, we will not rule on the general grounds of the motion for a new trial on this appeal.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED MAY 21, 1976 — REHEARING DENIED JUNE 10, 1976 —

*Leon A. Wilson, II,* for appellant.

*Dewey Hayes, District Attorney, Deen Strickland, Assistant District Attorney, Tony Hight,* for appellee.