## 54142. R. J. v. STATE OF GEORGIA.

BELL, Chief Judge.

Appellant was adjudicated delinquent because of the commission of acts of burglary and was committed to the Department of Human Resources for care, supervision and planning.

On January 2, 1977, about noon, appellant was arrested exiting a rear window of a store located in Perry, Georgia. He was handcuffed and taken to the Perry police station. Juvenile authorities were notified and about 30 minutes later they arrived and took appellant to the juvenile detention center in Macon. On January 4, 1977 appellant, with his parents present, was advised of his right to remain silent and was interrogated by a juvenile officer for approximately one hour concerning his participation in numerous burglaries. Appellant made a statement admitting numerous burglary offenses committed between September 1, 1976 and January 2, 1977. During the questioning, the juvenile officer conducting the interrogation testified that he told defendant: ". . . I told him this. I said if he went ahead and told us the truth now that it would probably be a lot better off if he went ahead and told us the truth now than us having to find, you know, bits and pieces later on that maybe he didn't tell us. I didn't tell him it would be any easier for him, make a promise or anything. I'm not in a position to make any promises to him." Appellant objected to the admission of the statement on the grounds that it was not freely and voluntarily made and that it was obtained in the course of a violation of the Juvenile Code. *Held:*

1. The admission of the extra-judicial statement was not error.

a. Code § 24A-2002 (b) provides in part that an extra-judicial statement obtained in the "course of" a violation of the Juvenile Code (Title 24A) shall not be admitted against the child. Code § 24A-1402 (a) provides in part that a person taking a child into custody "with all reasonable speed and without first taking the child elsewhere, shall:" (1) release the child to his parent, or (2) bring the child before the juvenile court or deliver him to a

detention or shelter care facility. It is argued that the taking of appellant to the Perry police station after arrest violated the foregoing provisions and thereby the statement was rendered inadmissible. This course of action by the police was reasonable under the circumstances and cannot be construed to be a violation of this portion of the Juvenile Code. But even assuming that it was, the extra-judicial statement obtained two days after his arrest and temporary detention would not constitute obtaining the statement in the "course" of a violation of the Code.

b. The testimony of the interrogating officer was nothing more than advice that it was best to tell the truth. Advice of this nature will not render inadmissible an otherwise admissible confession. *Turner v. State,* 203 Ga. 770 (48 SE2d 522).

2. After final judgment, a juvenile court judge may in his discretion order the judgment superseded pending appeal. Code § 24A-3801. The denial of appellant's motion for bail pending appeal has not been shown to be an abuse of discretion.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted June 27, 1977 — Decided September 7, 1977.

*James J. Daly, Jr.,* for appellant.
*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.