## A02A1447. GRIFFIN v. THE STATE.
### (570 SE2d 611)

MIKELL, Judge.

After a jury trial, George Griffin was convicted of robbery by intimidation. On appeal, Griffin contends that the trial court erred by admitting his confession because it was not voluntary. We disagree and affirm.

The standard for determining whether or not a confession was voluntary is the preponderance of the evidence standard.[1] The trial court's decision on this point will not be disturbed on appeal unless

---

[1] *High v. State*, 233 Ga. 153, 154 (1) (210 SE2d 673) (1974).

there is obvious error.[2] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[3] The Supreme Court of Georgia has construed "slightest hope of benefit" to mean the hope of a lighter sentence.[4] "Insofar as the 'remotest fear of injury' is concerned, any confession obtained through physical or mental torture is inadmissible."[5]

There is no dispute that Griffin was read his *Miranda* rights before giving the tape-recorded statement at issue. Griffin contends that during the interview, however, Detective Guest made several statements that amounted to offering Griffin a hope of benefit in exchange for his confession. In the first statement at issue, Detective Guest told him, "George, it's time to be honest. Have you got anything in your past? Because if you don't tell me the truth, there ain't nothing I can do to help you." A similar statement was upheld in *Cooper v. State*,[6] wherein the police officer told the defendant, "look, just take your time and level with me, 'cause I want to help you." Our Supreme Court found the confession voluntary because the officer's statement did not convey the hope of a lighter sentence.[7] Likewise, here, Detective Guest's offer to help Griffin if he told the truth does not render Griffin's confession inadmissible.

In the third and fourth statements at issue, Detective Guest stated: "[M]aybe you got a dope problem. If that's the case, maybe you need some help"; and "I want to know why it happened, because it's to your benefit to tell me why." As stated earlier, the offer to help, alone, does not constitute a hope of benefit.[8] Furthermore, we have held that an officer may tell a defendant that he would be helping himself if he told the truth.[9]

Detective Guest told Griffin that his girlfriend might get in trouble because she drove the getaway car. In his brief, Griffin does not state clearly his contention as to whether this statement offers a hope of benefit or induces a fear of injury. Nevertheless, either contention fails. This statement does not convey a hope of benefit since it does not promise a lighter sentence. Nor could it have induced a fear

---

[2] *Ingram v. State*, 137 Ga. App. 412, 413 (1) (224 SE2d 527) (1976).

[3] OCGA § 24-3-50.

[4] *King v. State*, 155 Ga. 707, 715-716 (118 SE 368) (1923); *Turner v. State*, 203 Ga. 770, 771 (2) (48 SE2d 522) (1948); *Caffo v. State*, 247 Ga. 751, 757 (3) (279 SE2d 678) (1981).

[5] *State v. Roberts*, 273 Ga. 514, 517 (4) (543 SE2d 725) (2001) (citing *Coker v. State*, 199 Ga. 20, 25 (2) (33 SE2d 171) (1945)).

[6] 256 Ga. 234, 235 (2) (347 SE2d 553) (1986).

[7] Id.

[8] Id.

[9] *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982). But cf. *Turner*, supra at 771 (2) (officer's statement that the punishment would be lighter if the defendant told the truth was improper).

of injury since there is no allegation that Griffin's confession followed physical or mental torture.[10] Furthermore, an officer's comment on a mere "truism" or a "recounting of the facts" does not render a confession inadmissible.[11]

Since none of Detective Guest's statements offered the hope of a benefit in the form of a lighter sentence or induced a fear of injury, the trial court did not err when it admitted Griffin's confession. Therefore, we affirm.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 23, 2002.

*James D. Crowe*, for appellant.
*Kenneth W. Mauldin, District Attorney, Daniel F. Piar, Assistant District Attorney*, for appellee.

---

[10] See *Roberts*, supra.
[11] See *Copeland v. State*, 162 Ga. App. 398, 400 (3) (291 SE2d 560) (1982) (officer's statement that the defendant's wife could be charged with a crime did not constitute a fear of injury such as would render the defendant's confession involuntary).