## A03A1495. CHANDLER v. THE STATE.

(583 SE2d 494)

BLACKBURN, Presiding Judge.

Following a jury trial, Glen Chandler appeals his conviction for two counts of aggravated child molestation, contending that (1) the trial court erred by admitting his allegedly involuntary confession to both molestation counts and (2) his trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows Chandler engaged in prohibited acts of sodomy with two minor males, K. R. and J. C. During custodial interrogation, and after receiving two *Miranda* warnings, Chandler confessed to the molestation of both boys. In addition, both victims provided testimony implicating Chandler in acts of molestation. Accordingly, the evidence of Chandler's guilt was overwhelming. See *Jackson v. Virginia*.[1]

1. Chandler contends that the trial court erred by admitting his confession, arguing that it was involuntary and induced by a hope of benefit. The record fails to support this enumeration.

> The standard for determining whether or not a confession was voluntary is the preponderance of the evidence standard. [*High v. State*.][2] The trial court's decision on this point will not be disturbed on appeal unless there is obvious error. [*Ingram v. State*.][3] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[4] The Supreme Court of Georgia has construed "slightest hope of benefit" to mean the hope of a lighter sentence. [*King v. State*.][5] "Insofar as the 'remotest fear of injury' is concerned, any confession obtained through physical or mental torture is inadmissible." [*State v. Roberts*.][6]

*Griffin v. State.*[7]

In this case, the confession was obtained without either the slightest hope of benefit or the remotest fear of injury. The record shows that, *after* Chandler confessed to molesting the victims, the interrogating officer asked: "What do you . . . think should happen

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *High v. State*, 233 Ga. 153, 154 (1) (210 SE2d 673) (1974).

[3] *Ingram v. State*, 137 Ga. App. 412, 413 (1) (224 SE2d 527) (1976).

[4] OCGA § 24-3-50.

[5] *King v. State*, 155 Ga. 707, 715-716 (118 SE 368) (1923); *Turner v. State*, 203 Ga. 770, 771 (2) (48 SE2d 522) (1948); *Caffo v. State*, 247 Ga. 751, 757 (3) (279 SE2d 678) (1981).

[6] *State v. Roberts*, 273 Ga. 514, 517 (4) (543 SE2d 725) (2001) (citing *Coker v. State*, 199 Ga. 20, 25 (2) (33 SE2d 171) (1945)).

[7] *Griffin v. State*, 257 Ga. App. 167-168 (570 SE2d 611) (2002).

to you?" Chandler replied that he needed help and that he did not think he "could last through any jail time." The interrogating officer then asked Chandler why he thought he should not go to jail, and he responded that he should not go because he was "scared." Chandler now argues that, by asking him why he should not go to jail, the interrogating officer induced Chandler to confess by offering some hope of benefit. This argument is clearly erroneous.

As an initial matter, Chandler had *already* confessed to the crimes *prior* to the portions of the interrogation he now challenges. As such, even if the interrogating officer's questions were improper, it had no bearing on the previous confession and did not affect its voluntary nature. Moreover, read in its proper context, the interrogator's questioning of Chandler, did not, as he contends, imply any hope of benefit. When Chandler said that he did not want to go to jail, the interrogating officer simply asked him why he thought that he should not be incarcerated. This question in no way implied that Chandler would receive any favorable treatment by confessing. See *Griffin,* supra.

2. Chandler contends that he received ineffective assistance of counsel, arguing that his trial counsel impermissibly failed to object to the introduction of two pornographic videotapes found in his home and the testimony by one of the victims that Chandler sodomized a dog. Again, this enumeration lacks merit.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington,*[8] [Chandler] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

*Mangold v. State.*[9]

In this case, Chandler has failed to show that his counsel's actions, even if presumed to be deficient, harmed his defense. Chandler confessed to the crimes for which he was convicted, and the victims either testified or told investigators that Chandler did in fact molest them. In light of this overwhelming evidence, Chandler has not shown that the alleged deficiencies of his trial counsel, if corrected, would have resulted in a different outcome at trial. As such, this enumeration is meritless.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

---

[8] *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Mangold v. State,* 253 Ga. App. 369, 372-373 (3) (559 SE2d 103) (2002).

*William P. Nash, Jr.*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Assistant District Attorney*, for appellee.