### A08A1654. THE STATE v. LEE.
(670 SE2d 879)

BERNES, Judge.
 Jonathan Edward Lee was charged with electronically furnishing obscene material to a minor. The trial court granted Lee's motion to suppress the inculpatory statements he made during a police interview. The state now appeals. We affirm in part and reverse in part.

Construed in favor of the trial court's ruling,[1] the record reflects that the parents of the victim, a minor, contacted the Warner Robins Police Department after they found four pornographic photographs on the victim's cell phone. A police investigation revealed that the photographs had been transmitted to the victim from a cell phone owned by Lee. Consequently, detectives arrested Lee for electronically furnishing obscene material to a minor under OCGA § 16-12-100.1.

After being transported to the police station, Lee was placed in an interview room and advised of his constitutional rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Lee then agreed to speak with a detective. During the interview, which was videotaped, Lee admitted that he had been communicating with the victim over the phone and had been sending him pornographic photographs. Lee further admitted that he knew the victim was a minor and apologized for what he had done.

After Lee made these statements to the detective, he expressed concern that he would have a lasting criminal record and would have to register as a sexual offender. The detective then promised Lee that he was not being charged with an offense that would require such

---

[1] See *Andrews v. State*, 289 Ga. App. 679, 679-680 (658 SE2d 126) (2008).

registration. Subsequently, Lee stated that he would accept "full responsibility" and would like to apologize to the victim's mother.

Lee filed a motion to suppress, after which the trial court conducted a pre-trial hearing to determine the admissibility of Lee's inculpatory statements. See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). The trial court heard from the interviewing detective and reviewed the videotape of the interview. The trial court found that the detective had erroneously promised Lee that he was not being charged with an offense that would require sexual offender registration. Based on this finding, the trial court ruled that the inculpatory statements made by Lee during the interview could not be used in the prosecution of any offense that would require Lee to register as a sexual offender if convicted. Because a defendant convicted of electronically furnishing obscene material to a minor must register as a sexual offender,[2] the trial court's order effectively excluded Lee's statements from the trial of the instant case.

1. The state contends that the trial court erred in excluding Lee's inculpatory statements because his motion to suppress did not comply with OCGA § 17-5-30 (b), which mandates that a suppression motion "be in writing and state facts showing that the search and seizure were unlawful." According to the state, Lee's written motion failed to provide adequate notice of what type of search and seizure was involved, which witnesses to bring to the hearing on the motion, and what legal issues were to be resolved at the hearing. As such, the state argues that the trial court should have denied Lee's motion as procedurally defective under OCGA § 17-5-30 (b). See *Young v. State*, 282 Ga. 735 (653 SE2d 725) (2007).

The state's argument is misplaced because OCGA § 17-5-30 (b) applies only to cases where the defendant seeks the suppression of *tangible evidence*; the statute is inapplicable where, as here, the defendant is challenging the admissibility of a confession. See *Bell v. State*, 280 Ga. 562, 563 (2), n. 2 (629 SE2d 213) (2006); *Robinson v. State*, 208 Ga. App. 528, 530 (2) (430 SE2d 830) (1993); *Kitchens v. State*, 198 Ga. App. 284, 286 (3) (401 SE2d 552) (1991). Furthermore, even if OCGA § 17-5-30 (b) applied, Lee's noncompliance with its provisions would not require reversal unless the state can prove harm or prejudice, which the state has failed to do. See *Pickens v. State*, 225 Ga. App. 792, 795 (1) (c) (484 SE2d 731) (1997); *Eidson v. State*, 182 Ga. App. 321, 323 (3) (355 SE2d 691) (1987). The state called the interviewing detective and introduced the videotape of the

---

[2] The crime of electronically furnishing obscene material to a minor is defined as a "dangerous sexual offense" under Georgia's sexual offender registry statute. See OCGA § 42-1-12 (a) (10) (A) (xvi). Individuals convicted of a dangerous sexual offense on or after July 1, 2006 are required to register as sexual offenders. See OCGA § 42-1-12 (e) (2).

interview at the pre-trial hearing, and the trial court afforded both parties an opportunity to file post-hearing briefs specifically addressing the admissibility of Lee's inculpatory statements. The state has failed to point to any additional witnesses it would have called or evidence it would have introduced, if Lee's written motion had been more detailed. OCGA § 17-5-30 (b) thus provides no grounds for reversing the trial court in this case.

2. The state also contends that the trial court erred in excluding Lee's inculpatory statements made prior to the time when the detective promised Lee that he was not being charged with an offense that would require sexual offender registration.[3] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. See *Rubia v. State*, 287 Ga. App. 122, 123 (650 SE2d 797) (2007). Notably, any hope of benefit given by the police to a defendant *after* the defendant has already confessed cannot be said to have induced the confession and thus does not affect its voluntary nature. See *Getkate v. State*, 269 Ga. App. 558, 560 (604 SE2d 611) (2004); *Chandler v. State*, 261 Ga. App. 639, 640 (1) (583 SE2d 494) (2003). Accordingly, we reverse the trial court to the extent that it excluded the inculpatory statements that Lee made during the interview before the detective's erroneous promise. See id.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 2, 2008.

*Arthur J. Creque*, for appellant.
*Greg H. Bell*, for appellee.

---

[3] The state does not contest that the statements made by Lee after the detective's erroneous promise were inadmissible.