A09A1218. CANTRELL v. THE STATE.

(683 SE2d 676)

MILLER, Chief Judge.

A Gwinnett County jury convicted Brandon Cantrell of one count of armed robbery (OCGA § 16-8-41 (a)) and one count of robbery by intimidation (OCGA § 16-8-40 (a) (2)). Cantrell filed a motion for a new trial, which the trial court denied. Cantrell appeals, arguing that the trial court erred in denying his motion to suppress his statements to police and asserting the general grounds. Finding no basis to disturb the trial court's factual determination that Cantrell voluntarily confessed to his involvement in the crimes and that the evidence was sufficient, we affirm.

Viewed in the light most favorable to the verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that while Anh Nguyen was working at Lawrenceville Seafood on October 29, 2006, three men entered the restaurant wearing masks and brandishing what appeared to be handguns. The men demanded money, took the entire cash register, and fled. Nguyen called 911.

Shortly thereafter, on November 3, 2006, a man entered a Duluth Subway restaurant where Jeremiah Glover was working alone, baking bread in the back of the store. The man went to the bathroom, so Glover returned to baking bread. When Glover returned to see if the customer was ready to order, Glover found the man reaching over the counter and banging on the cash register. The man asked Glover for change for a $20 bill, and when Glover replied that he could not provide change unless someone bought something, the man ordered a sandwich but then demanded that Glover open the cash register. Glover feared that the man had a gun because of the way the man held his hand under his shirt by his belt. After Glover opened the drawer, the man asked Glover to leave the store,

and Glover complied and then borrowed a phone to call 911. When Glover returned, the cash register drawer was gone.

Subsequently, two other individuals, Reginald Marrow and Otto West, were arrested in connection with a November 18, 2006 armed robbery at a Smoothie King. Marrow gave a statement to Detective Steven Shaw of the Gwinnett County Police Department in which he, among other things, admitted his involvement in the Smoothie King armed robbery and stated that he, Cantrell, and Wilbert Green had committed robberies at Lawrenceville Seafood and Subway. Marrow also admitted using masks and replica guns in the Smoothie King and Lawrenceville Seafood robberies. These masks and replica guns were recovered from Marrow. At trial, Nguyen identified one of the masks as the same type of mask worn by the men who robbed Lawrenceville Seafood and also identified the replica guns as the same type of guns the men had. When Green was subsequently arrested, he also told police that Cantrell had been involved in the armed robbery at Lawrenceville Seafood.

On November 21, 2006, Shaw interviewed Cantrell while Cantrell and his mother were both sitting in his patrol car and after Shaw read Cantrell his *Miranda*[1] rights. Cantrell at first denied participating in the Lawrenceville Seafood robbery. But Cantrell admitted that he had perpetrated the Subway robbery while Marrow and Green waited in the car, although he denied having or pretending to have a weapon. Cantrell also denied participating in a subsequent armed robbery at a USA Dollar store located near Lawrenceville Seafood.

Believing that Cantrell was being deceptive, Shaw terminated the interview and placed Cantrell under arrest. After his mother had exited the car, Cantrell told Shaw that he would like to speak with Shaw without his mother present, and Shaw then commenced a second interview after reaffirming that Cantrell's *Miranda* rights were still in effect. Cantrell subsequently admitted that he participated in the Lawrenceville Seafood armed robbery and was the one who took the cash register. He also told Shaw that he was waiting in the car with Marrow when Green committed an armed robbery at USA Dollar but denied that he received any proceeds from the crime.

On or about February 7, 2007, a Gwinnett County grand jury indicted Cantrell, Marrow, and Green on three counts of armed robbery at Lawrenceville Seafood, Subway, and USA Dollar.[2] By the same indictment, Marrow and West were charged with committing

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] Cantrell was also indicted on a separate count, alleging that he committed robbery by sudden snatching at a Lucky Dollar store, but an order of nolle prosequi was entered as to that count.

armed robbery at Smoothie King. Marrow, West, and Green each entered guilty pleas prior to trial.[3] During their separate plea hearings, Marrow and Green gave testimony implicating Cantrell in the Lawrenceville Seafood and Subway robberies. Following a jury trial, Cantrell was convicted of armed robbery at Lawrenceville Seafood and robbery by intimidation, as a lesser-included offense of armed robbery, at Subway. The jury acquitted Cantrell of the count alleging he committed armed robbery at USA Dollar.

1. Cantrell argues that the trial court should have granted his motion to suppress his statements to police because his confessions were not freely and voluntarily given. We disagree.

OCGA § 24-3-50 provides that "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The State bears the burden of showing, by a preponderance of the evidence, that a confession was voluntary. *Wilson v. State*, 285 Ga. 224, 227 (3) (675 SE2d 11) (2009). "Generally, the hope of benefit to which the statute refers has been construed as a hope of [a] lighter punishment," and the "remotest fear of injury that renders a confession involuntary and inadmissible is physical or mental torture." (Citations and punctuation omitted.) Id. at 227-228 (3). "When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless [the judge's] decision is clearly erroneous." (Citation and punctuation omitted.) *Clay v. State*, 209 Ga. App. 266, 268 (1) (433 SE2d 377) (1993).

Cantrell argues that, during the interviews, Shaw offered him a hope of benefit by advising him that if he talked, Shaw would help him out. The record does not bear out this contention. The transcript of the interviews shows that at the beginning of the first interview, Shaw remarked that, based on the statements of Marrow and Green, he knew that Cantrell had been involved in some robberies but that he wanted to ascertain what Cantrell's role was and "that's the reason that I agreed to meet you and your mom here because it's important regardless of what you did or what you get charged with in the end being honest and cooperative and truthful is important to a judge and to a jury."

"Exhortations to tell the truth are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50." *Wilson*, supra, 285 Ga. at 228 (3); *Taylor v. State*, 274 Ga. 269, 273 (1) (553

---

[3] Green pleaded guilty to committing armed robbery at Subway and USA Dollar and to eight counts of burglary in a separate indictment returned against him. Marrow and West pleaded guilty to the armed robbery counts against them in the February 7, 2007 indictment.

SE2d 598) (2001) ("It is not improper for police to encourage a suspect to help herself by telling the truth.") (footnote omitted); *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999). Nor does "[t]elling a suspect that truthful cooperation might be considered by others" render a confession involuntary. *Wilson*, supra, 285 Ga. at 228 (3); *Pollio v. State*, 278 Ga. App. 729, 732 (2) (629 SE2d 583) (2006) (". . . it does not render a statement involuntary for the police to tell a suspect that the trial judge may consider his truthful cooperation with the police") (citations and punctuation omitted). At the beginning of the first interview Shaw did nothing more than exhort Cantrell to tell the truth and express his view as to how Cantrell's truthfulness might be viewed by a judge or jury, and the trial court was authorized to find that such remarks did not render Cantrell's confessions involuntary.

The transcript of the interviews also shows that at the conclusion of the second interview, Shaw told Cantrell: "All right, well I appreciate your honesty dude. . . . [I]t's going to help you out. . . . [N]obody likes a liar, so the fact that you can be a man about it and admit that you're sorry. . . ." The State did not rely on any statements Cantrell made thereafter, and the transcript of the interviews indicates that Cantrell only made one additional, unintelligible remark before the interview was concluded. Shaw's closing comments, even if they constituted anything more than further admonitions regarding the importance of telling the truth, did not render Cantrell's prior confessions involuntary or inadmissible. *State v. Lee*, 295 Ga. App. 49, 51 (2) (670 SE2d 879) (2008) ("[A]ny hope of benefit given by the police to a defendant *after* the defendant has already confessed cannot be said to have induced the confession and thus does not affect its voluntary nature.").

Cantrell also claims that his confessions were involuntary because, during the interviews, the detective threatened to "tag" him with additional crimes. The transcript of the interviews shows that near the end of the first interview, Cantrell denied participation in an armed robbery at USA Dollar but indicated that he may have been involved in a different robbery and that Shaw was confusing the two incidents. Shaw then told Cantrell that his co-defendants had implicated him in the USA Dollar armed robbery and said "Well you got to tell me which one it is or I'm going to tag this one [the USA armed robbery] on you because that's what [Marrow and Green] said." During the *Jackson-Denno* hearing, Shaw testified that he had probable cause to arrest Cantrell for the USA Dollar armed robbery, and, further, the record reflects that Cantrell was subsequently indicted and tried for that crime. "[A] statement by police that makes the defendant aware of the potential legal consequences is in the nature of a mere truism and does not constitute a threat of injury or promise of benefit within the meaning of [OCGA § 24-3-50]."

(Punctuation and footnote omitted.) *Smith v. State*, 291 Ga. App. 535, 537 (662 SE2d 305) (2008); *Rollinson v. State*, 276 Ga. App. 375, 379 (1) (d) (623 SE2d 211) (2005) ("[T]he fact that [the defendant] was told he would be arrested if he refused to talk to the police officers does not amount to coercion making his statements inadmissible."); *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997). Under the circumstances, the trial court was authorized to conclude that Shaw's remark that he would "tag" Cantrell with the USA Dollar armed robbery was a mere "truism" or statement of the potential legal consequences of the statements provided by Cantrell's co-defendants.

Based on the foregoing, the trial court did not clearly err in determining that Cantrell's statements to police were voluntary and admissible.

2. Asserting the general grounds, Cantrell argues that the evidence was insufficient to support his convictions. We disagree.

> Upon this Court's review of a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Robinson v. State*, 296 Ga. App. 561, 561-562 (675 SE2d 298) (2009), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). Here, Cantrell's own confessions to participating in the crimes was corroborated by the testimony of the victims, among other evidence. See OCGA § 24-3-53; *Patrick v. State*, 252 Ga. 509 (314 SE2d 909) (1984). Likewise, his co-defendants' statements and testimony implicating Cantrell in the crimes were corroborated by Cantrell's confessions and the victims' testimony. See OCGA § 24-4-8; *Spencer v. State*, 192 Ga. App. 822, 824 (2) (386 SE2d 705) (1989) ("A confession is sufficient corroboration for the testimony of an accomplice") (citations omitted). Under the circumstances, the jury could have found the essential elements of armed robbery and robbery by intimidation beyond a reasonable doubt. See OCGA §§ 16-8-41 (a); 16-8-40 (a) (2).

For the reasons set forth above, we affirm the trial court's judgment.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 18, 2009.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.