## S90A0707. MITCHELL v. THE STATE.
(391 SE2d 761)

BELL, Justice.

The appellant, Glen Mitchell, was found guilty of the malice murder of his ex-wife, and was sentenced to life in prison.[1] Mitchell now appeals, contending that a statement he made to the police

---

[1] The crime occurred on October 24, 1988. Mitchell was indicted March 2, 1989, and a jury found Mitchell guilty on September 29, 1989. Mitchell filed a motion for new trial on October 18, 1989. The court reporter certified the transcript on November 29, 1989. Mitchell amended his motion for new trial on February 1, 1990, and the trial court denied the motion

should not have been admitted into evidence at trial, because police officers allegedly violated his *Miranda* rights. We affirm.

Mitchell and his ex-wife were divorced in 1987, but had started living together again in February 1988. They continued living together until about one week before the shooting, when his ex-wife asked Mitchell to leave.

Evidence was admitted that Mitchell was angry with his ex-wife for seeing another man, and had threatened to kill her about a week before he did so. Four eyewitnesses testified that Mitchell came to his ex-wife's place of employment, asked to see her, and repeatedly shot her when she came to the lobby to see him. The victim died of six gunshot wounds to her back, chest, abdomen, and hand.

After Mitchell shot the victim, he drove to a nearby gas station, and called the police. Within minutes, police officers arrived at the gas station. Mitchell told the officers that he loved his ex-wife, but that he had to shoot her, because his son had told him earlier that day that she was seeing another man.

In a taped statement given to police that same day, Mitchell stated, inter alia, that he went to his ex-wife's office after his son told him she was seeing another man. He added that he went to her office to talk, but that when she came out and saw him, she began yelling. He then lost control and fired the gun.

1. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Mitchell guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mitchell contends that the taped statement he gave to the police was inadmissible, because of a violation of his *Miranda* rights. However, even assuming the trial court erred in admitting the statement, any error was harmless, considering the overwhelming evidence of Mitchell's guilt, and the fact that, regarding the reason Mitchell shot his ex-wife, as well as the circumstances of the shooting, the taped statement was cumulative of the voluntary statement Mitchell made to the police at the time of his arrest. See *McLendon v. State*, 259 Ga. 778, 780 (4) (387 SE2d 133) (1990); *Foster v. State*, 258 Ga. 736, 742 (8) (b) (374 SE2d 188) (1988).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1990.

*Edwards & Krontz, Kenneth W. Krontz,* for appellant.
*Thomas J. Charron, District Attorney, William M. Clark, Assis-*

on February 9. The appeal was docketed in this court on March 5, 1990, and was orally argued on May 14, 1990.

tant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree, for appellee.