curiae.

## S95A0803. DENSON v. THE STATE.
(463 SE2d 107)

SEARS, Justice.

The appellant, Judy Denson, was convicted of the malice murder and felony murder of Greg Page and of the crime of possession of a firearm by a convicted felon. The trial court sentenced Denson to life in prison for malice murder, did not impose a sentence for felony murder,[1] and sentenced her to a two-year prison term for the offense of possession of a firearm by a convicted felon.[2] We affirm.

1. The evidence would have authorized a rational trier of fact to conclude that Denson and the victim initially argued because Denson had begun dating a man other than a friend of the victim's; that Denson had threatened to kill the victim on the evening of the crime; and that when the victim pursued his disagreement with Denson by sticking his head in a narrow opening in her bedroom window, Denson shot the victim in the head without justification and under circumstances that would not constitute voluntary manslaughter. We conclude that the evidence is sufficient to satisfy *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have examined Denson's remaining enumerations of error, and find that any possible error with regard to one of them is harmless,[3] that Denson failed to properly preserve another,[4] and that the

---

[1] The trial court properly sentenced Denson only on the malice murder conviction. See *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993).

[2] The crimes took place on June 2, 1990. The Cherokee County grand jury indicted Denson on September 10, 1990. The trial began on October 29, 1990, and Denson was found guilty on November 1, 1990. Denson was sentenced on November 7, 1990. On November 27, 1990, Denson filed a motion for a new trial. The court reporter certified most of the transcript on January 31, 1991, and other parts of it on August 11, 1993. On October 26, 1994, and again on December 15, 1994, Denson amended her motion for new trial. The motion for new trial, as amended, was heard and denied on December 16, 1994. Denson filed her notice of appeal on January 18, 1995. Her appeal was docketed in this court on March 10, 1995, and on May 9, 1995, the appeal was orally argued.

[3] As for Denson's contention that the trial court erred in not suppressing the statement made by Denson to Detective Keanum when he first arrived at the scene and before he apprised Denson of her *Miranda* rights, we conclude that any possible error in admitting that statement was harmless error due to other evidence of guilt and to the fact that the trial court properly admitted another statement that Denson made after she received her *Miranda* warnings, which statement was for all practical purposes the same as the first one given to Detective Keanum. See *Roper v. State*, 263 Ga. 201 (2) (429 SE2d 668) (1993); *Mitchell v. State*, 260 Ga. 229 (2) (391 SE2d 761) (1990); *Foster v. State*, 258 Ga. 736, 742 (8) (374 SE2d 188) (1988).

[4] Although Denson contends that the trial court erred in instructing the jury that Denson's prior conviction could be considered by the jury to impeach her testimony, Denson did

rest have no merit.[5]
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 1995 —
RECONSIDERATION DENIED NOVEMBER 20, 1995.

*Philip C. Smith,* for appellant.
*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.

not make a specific objection to this charge and did not generally reserve her right to object to the court's charge. She thus failed to preserve this issue for appeal. *Lucas v. State,* 265 Ga. 514, 515-516 (458 SE2d 103) (1995); *Russell v. State,* 264 Ga. 121 (3) (441 SE2d 750) (1994); *McCoy v. State,* 262 Ga. 699, 701 (425 SE2d 646) (1993).

[5] We find no merit to Denson's contentions that the trial court erred by failing to give Denson's requested charge on party to a crime and aggravated assault with intent to rape; that the trial court erred in denying Denson's motion to sever the malice murder count of the indictment from the counts of felony murder and possession of a firearm by a convicted felon; that the trial court violated *Edge v. State,* 261 Ga. 865 (414 SE2d 463) (1992), by giving a sequential charge to the jury; that the trial court abused its discretion in allowing Officer White to testify as a surprise witness; that the trial court erred in failing to merge the possession of a firearm conviction with the felony murder and malice murder convictions; and that the crime of possession of a firearm by a convicted felon is a status felony upon which a felony murder conviction may not be obtained.