S95A1322. WHITE v. THE STATE.
(465 SE2d 277)

FLETCHER, Presiding Justice.

Willie B. White was convicted of the rape and felony murder of Annie Laura Shaw.[1] He appeals, contending that his statements should have been excluded because they were not made voluntarily. Because the record supports the trial court's finding that the statements were voluntary, we affirm.

1. The evidence at trial showed that Shaw had been raped and manually strangled outside her home; that when questioned days after the crime, White provided an alibi; that six years after the crime, White led police to Shaw's house and accurately described parts of the murder scene. The evidence also included four statements by White, which were in some details inconsistent, and in which White denied raping and killing Shaw, but admitted that he had been watching Shaw on the night of the murder, that he was drunk, and that he attempted to have sex with her, and that when he left her, she was sprawled on the ground. Finally, the state introduced evidence that White had previously raped or assaulted four women and had manually choked each one. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found White guilty of the crimes

---

[1] The crime occurred on February 2, 1986. White was indicted August 19, 1992. He was found guilty on December 2, 1993 and sentenced to life in prison for murder and a consecutive life sentence for rape. White filed a motion for new trial on December 22, 1993, which was denied on March 17, 1995. He filed his notice of appeal on April 12, 1995 and the appeal was submitted for decision on briefs on July 3, 1995.

charged.[2]

2. White contends that three of his statements to police should have been excluded under OCGA § 24-3-50 because they were not voluntarily made and were induced by a hope of benefit.[3] The evidence at the *Jackson-Denno* hearing established that White was mildly retarded with an IQ of 64. All of his statements were given on the same day — one in the morning, and the others in the afternoon after a three-hour break. The transcripts of the taped interviews reflect that the interviewing officers advised White of his right to an attorney and that he never requested counsel. White also signed a waiver of counsel form.

White's IQ level alone does not render his statement inadmissible.[4] The doctor who examined White testified that White exhibited concrete thought processes, had no significant problems with short or long-term memory, and was able to assist his attorney. The interview periods were not excessive; White was given a break between sessions; and only one officer at a time interviewed him. The trial court's finding that under these circumstances White's statements were made voluntarily was not clearly erroneous.

3. White also contends that his statements were induced by a hope of benefit because he was transferred from a non-smoking jail so that he could smoke. The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect.[5] Permitting a suspect to smoke is a collateral benefit and under these circumstances is an insufficient hope of benefit to render White's statement inadmissible.[6]

4. Finally, White contends that under OCGA § 24-3-53, his confession alone, without sufficient corroborating evidence, will not justify his conviction. Assuming, without deciding, that White's statements require additional corroboration under OCGA § 24-3-53, the facts recited in Division 1 constitute sufficient corroboration.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*John R. Thigpen, Sr.,* for appellant.

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J.*

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] White consented to the admission of the fourth statement.

[4] *Williams v. State,* 238 Ga. 298, 302-303 (232 SE2d 535) (1977).

[5] See *Johnson v. State,* 238 Ga. 27, 28 (230 SE2d 849) (1976).

[6] OCGA § 24-3-51.

*Warren, Assistant Attorney General,* for appellee.