## S97A0998. DUKE v. THE STATE.
### (489 SE2d 811)

CARLEY, Justice.

A jury found Eric Duke guilty of the malice murder of Bonifacio Carbajal-Munoz, the aggravated assault of Carbajal-Munoz and two counts of possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on the jury's guilty verdicts and sentenced Duke to life imprisonment for the murder, to a twenty-year term for the aggravated assault and to a five-year term for each of the possession of a firearm offenses. The trial court denied Duke's motion for new trial and he appeals.[1]

1. At trial, the State produced the following evidence: Ms. Kelly Scoggins and Ms. Tabatha Hightower informed Duke that they had been accosted. In a car driven by Alex Barger, Duke, accompanied by

---

[1] The crimes were committed on November 12, 1995. The grand jury indicted Duke on February 12, 1996. The jury returned the guilty verdicts on November 13, 1996 and, on the following day, the trial court entered the judgments of conviction and sentences. On December 10, 1996, Duke filed his motion for new trial which the trial court denied on February 12, 1997. Duke filed his notice of appeal on March 11, 1997 and the case was docketed in this Court on March 26, 1997. The appeal was submitted for decision on May 19, 1997.

Ms. Scoggins, Ms. Hightower and Ms. Tabatha Hammock, set out for the scene of the alleged assault. They passed the victim, who was walking down the road. One of the women said that Carbajal-Munoz resembled her assailant. Duke fired a shot at the victim, but missed. After instructing Barger to drive around the block, Duke fired a fatal shot into the victim's back. Duke was arrested in connection with an unrelated matter. During the course of in-custody questioning, Duke gave a statement admitting that he drove the car on the night of the murder, but identifying Barger as the actual shooter. At trial, however, Duke testified that it was he who had become enraged and shot the victim. This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Duke's guilt of the possession of the firearm offenses and of a malice murder, committed after completion of a separate non-fatal aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lowe v. State*, 267 Ga. 410, 411 (1) (b) (478 SE2d 762) (1996). Compare *Fitzpatrick v. State*, 268 Ga. 423 (1) (489 SE2d 840) (1997); *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993).

2. Duke urges that his in-custody statement is inadmissible under OCGA § 24-3-50, because it was induced by "hope of benefit." According to Duke, the officers implied that he would not be charged with any crime if he made the statement. It appears, however, that the officers merely told Duke that, if it was Barger who committed the crimes, then Duke should tell the officers what happened or risk being charged himself. By informing Duke that he could be a witness against Barger or, if he withheld evidence, risk becoming a defendant himself, the officers clearly did not imply that Duke would not be charged if he was himself involved in the murder. By encouraging Duke to implicate Barger, if Barger was guilty, the officers were only encouraging Duke to tell the truth. Duke certainly could not reasonably have believed that, if he implicated himself in his statement, officers who were charged with enforcing the law would ignore his criminal conduct and would not charge him with any crime whatsoever. Encouraging a suspect to tell the truth is not a "hope of benefit" within the meaning of OCGA § 24-3-50. *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995). Once Duke made the statement indicating that he also was involved in the crime, but falsely attributing the actual firing of the shots to Barger, the officers informed Duke that they could make no promises to him. Under the totality of the circumstances, the trial court was authorized to find that Duke's statement was freely and voluntarily given and, because the trial court's findings in that regard are not clearly erroneous, the admission of Duke's statement into evidence must be upheld on appeal. *Caffo v. State*, 247 Ga. 751, 757 (3) (279 SE2d 678) (1981). Moreover, Duke's own trial testimony clearly identified him as the actual

shooter. Accordingly, had there been any error in the admission of the statement, it would have been harmless. See *Mitchell v. State,* 260 Ga. 229, 230 (2) (391 SE2d 761) (1990).

3. Duke contends that the trial court erred by denying his motion for mistrial when, during opening statement, the prosecuting attorney mentioned that the officers' initial contact with Duke was in connection with "other investigations." This comment, without more, did not place Duke's character into issue and did not, therefore, warrant the grant of a mistrial. *Jackson v. State,* 261 Ga. 734, 735 (5) (410 SE2d 115) (1991); *Kettman v. State,* 257 Ga. 603, 607 (11) (362 SE2d 342) (1987).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Daniel J. Sammons,* for appellant.

*Lydia J. Sartain, District Attorney, Leonard C. Parks, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.