## S00A1896. THE STATE v. ROBERTS.
(543 SE2d 725)

CARLEY, Justice.

Damien Roberts is an 18-year-old high school senior who was arrested for the murder of Gustava Hernandez. He waived his right to remain silent, and the two arresting officers videotaped his interrogation and statement. Roberts did not request an attorney, and approximately 22 minutes into a 34-minute interview, he confessed to the murder. In his statement, he admitted randomly selecting the victim simply because he was an Hispanic male, and shooting from the passenger side of a friend's vehicle as Hernandez rode by on his bicycle. However, Roberts filed a pre-trial motion challenging the admissibility of his statement. At the suppression hearing, only the two interrogating officers testified, and Roberts offered no evidence. After considering the testimony and reviewing the tape of the interview, the trial court granted Roberts' motion to suppress, holding that

> the totality of the circumstances such as the age of the defendant, the time of night, the nature of the charges, the length of the questioning before the defendant would make any admissions, combined with the nature and content of the comments [made by the two officers] to induce the defendant to make an inculpatory statement. . . .

Based upon these factors, the trial court concluded

> that the defendant's statement was not freely and voluntarily made, but rather, . . . that the statement was made after repeated promises of benefit made by the officers and repeated statements that implied that the defendant had no choice but to speak to the police.

Pursuant to OCGA § 5-7-1 (a) (4), the State appeals directly from the trial court's order.

1. In this state, the admissibility of a confession is dependent upon the satisfaction of three conditions. The defendant must offer it "voluntarily," it cannot be "induced by another by the slightest hope of benefit," and it should not be the product of the "remotest fear of injury." OCGA § 24-3-50. Unless clearly erroneous, a trial court's factual and credibility determinations related to the admissibility of a confession will be upheld on appeal. *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994). In this case, however, there are no disputed facts and no credibility issues. Compare *Tate v. State*, 264 Ga. 53 (440 SE2d 646) (1994). Only the officers testified, and the videotape of Roberts' interrogation is demonstrative objective proof of the

circumstances surrounding his inculpatory statement. Therefore, the question presented for resolution is whether the trial court erred in its legal conclusion that, under this undisputed evidence, Roberts' confession was inadmissible because it did not satisify the requirements of OCGA § 24-3-50. In resolving this issue, "[i]t is the duty of this [C]ourt to independently review the evidence to determine whether the [S]tate has carried its burden of proving the admissibility of appellant's confession by a preponderance of the evidence. [Cit.]" *Brooks v. State*, 244 Ga. 574, 581-582 (II) (2) (261 SE2d 379) (1979), vacated and remanded on other grounds, 446 U. S. 961 (100 SC 2937, 64 LE2d 821) (1980). Accordingly, we have considered the transcript of the suppression hearing and have viewed the videotape of the interrogation itself.

2. When determining the voluntariness of a confession, a trial court must consider the totality of the circumstances, as exemplified by nine factors. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). Although the trial court cited Roberts' age, he is not a minor and the fact that he was not allowed to consult with his mother before or during the interview is immaterial to the voluntariness of his statement. *Duncan v. State*, 176 Ga. App. 652, 654 (2) (337 SE2d 433) (1985). He is a high school senior, and the videotape reveals that he is articulate and clearly not illiterate. See *Ivey v. State*, 147 Ga. App. 227, 228 (2) (248 SE2d 334) (1978). A review of the officers' testimony and of the videotape reveals no evidentiary support for a finding that they used Roberts' relative youth to intimidate or coerce him in any way. *Echols v. State*, 172 Ga. App. 431, 432 (2) (323 SE2d 289) (1984).

The trial court also based its determination of involuntariness upon the timing and length of the interrogation. The officers conducted the interview at night, but there is no indication that they did so intentionally for the purpose of gaining a tactical advantage. *Hammond v. State*, 157 Ga. App. 647 (2) (278 SE2d 188) (1981). The arrest took place at night and the investigating officers, presumably following the usual procedure, thereafter simply interrogated Roberts in the normal course of events. The questioning started only 15 minutes after the arrest, and the actual interview lasted only slightly longer than one-half hour. "We have found no cases holding this to be an inordinate length of interrogation." *Marshall v. State*, 248 Ga. 227, 230 (3 (7)) (282 SE2d 301) (1981).

As for the nature of the charge, the evidence shows beyond question that Roberts was aware that he was suspected of the murder of Hernandez. Moreover, after he received the *Miranda* warnings, he indicated his willingness to offer a statement and he never invoked his right to counsel. *Marshall v. State*, supra at 229-230 (3 (3, 4, 5, 8)).

Roberts has not expressly repudiated any portion of his statement and, by failing to testify or present any evidence at the suppression hearing, he offered nothing to show that his confession to the murder of Hernandez is untrue. *Marshall v. State*, supra at 231 (3 (9)). The totality of the relevant circumstances shows that Roberts is a young man who committed an utterly senseless crime and who, when apprehended and confronted with the enormity of his act, eventually accepted responsibility. After questioning, he informed the officers: "I knew what I was doing when I did it and I am sorry." In determining the admissibility of his statement, however, Robert's age and other factors have no bearing unless they support a finding that it was not a voluntary admission. "Voluntary" "is practically synonymous with spontaneously, of his own free will; and not when overmastered by the will of another." *King v. State*, 155 Ga. 707, 715 (118 SE 368) (1923). Because nothing in the record shows that Roberts did not exercise his own free will when he agreed to answer the officers' questions, he made his confession "voluntarily" as that term is employed in OCGA § 24-3-50.

3. "[W]e have construed the 'slightest hope of benefit' as meaning the hope of a lighter sentence. [Cit.]" *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986). Our review of the evidence shows that no such promises were made to Roberts. In the order, the trial court cited the following statements as authorizing its conclusion that the confession was induced by "repeated promises of benefit made by the officers. . . ."

"You need to deal with us, you've got to explain that"; "Let us help you"; "We can't help you like this," referring to the defendant lying to them; talking to the officers is "the only way you can set that right"; "The truth will set you free"; "I can't show you, you need to trust me more than that"; "You have to talk to one of us."

This Court has held repeatedly that such admonitions to tell the truth will not invalidate a confession. *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999); *Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997); *Duke v. State*, 268 Ga. 425, 426 (2) (489 SE2d 811) (1997); *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995); *Kettman v. State*, 257 Ga. 603, 607 (10) (362 SE2d 342) (1987); *Cooper v. State*, supra at 235 (2); *Whittington v. State*, 252 Ga. 168, 176 (6) (313 SE2d 73) (1984); *Caffo v. State*, 247 Ga. 751, 755 (3) (279 SE2d 678) (1981); *Tyler v. State*, 247 Ga. 119, 121 (2) (274 SE2d 549) (1981); *Fowler v. State*, 246 Ga. 256, 258 (4) (271 SE2d 168) (1980). "The fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not

exclude it." OCGA § 24-3-51. Based upon controlling authority, we must conclude that the trial court's finding that the confession was impermissibly induced by the "slightest hope of benefit" in violation of OCGA § 24-3-50 is clearly erroneous.

4. Insofar as the "remotest fear of injury" is concerned, any confession obtained through physical or mental torture is inadmissible. *Coker v. State*, 199 Ga. 20, 25 (2) (33 SE2d 171) (1945). There is no evidence that the police threatened Roberts in any way. They did imply that his only realistic choice was to answer their questions. However, such statements were not coercive, but were merely reflections upon the strength of their evidence against Roberts and encouragements designed to obtain his cooperation. The officers' admonitions were "not a threat, and [were] not otherwise reasonably likely to induce a fear of injury if [Roberts] invoked his right to counsel, [cit.]." *Gober v. State*, supra at 228 (2) (b). The trial court erred in concluding that the confession was rendered inadmissible by "repeated statements that implied that the defendant had no choice but to speak to the police."

5. Under the undisputed evidence, Roberts made his confession "voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. The trial court's contrary holding is erroneous and must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney*, for appellant.
*Johnny R. Moore*, for appellee.