S03A0778. EVANS v. THE STATE.
(586 SE2d 326)

SEARS, Presiding Justice.

The appellant, Darnell Evans, appeals from his convictions for malice murder and armed robbery.[1] He contends that the evidence is

---

[1] The crimes occurred on May 14, 1995. On January 9, 1996, Evans was indicted for malice murder, felony murder, and armed robbery. On January 31, 1996, a jury found Evans guilty of those three crimes, and the trial court sentenced Evans to life in prison for malice murder and felony murder and to a consecutive life sentence for armed robbery. The trial court, however, erred in sentencing Evans for felony murder. *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Accordingly, we vacate the sentence for that offense. Id. On February 12, 1996, Evans filed a motion for a new trial. New counsel was appointed to represent Evans on May 21, 1997, and again on April 4, 2002. Evans filed an amended motion for new trial on August 6, 2002. The trial court denied Evans's motion for new trial as amended on December 16, 2002. Evans filed a notice of appeal on December 17, 2002, and the appeal was docketed in this Court on February 12, 2003. The appeal was submitted for decision on briefs on April 7, 2003.

insufficient to support his convictions, and that the trial court erred in admitting into evidence a statement that he made to the police and a statement that he made to a cellmate. Because we conclude that the evidence is sufficient to support the convictions, and that the trial court properly admitted Evans's statements, we affirm.

1. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Evans followed the victim on the night of the crimes in order to steal his car and that Evans shot and killed the victim when he did not cooperate with Evans. The evidence is therefore sufficient to support the convictions.[2]

2. Evans contends that the trial court erred in admitting into evidence a statement that he gave to the police. More specifically, Evans contends the statement was involuntary because Evans had only earned a GED and because the police officer who interviewed him attempted to coerce Evans into giving a statement by informing Evans that he (the officer) had Evans's fingerprints. We disagree with this contention.

At a *Jackson-Denno* hearing, the officer who spoke with Evans testified that he told Evans he was a suspect in a murder case; that he informed him of his *Miranda* rights; that Evans stated that he understood his rights; and that Evans signed a waiver of rights form. The officer also testified that he did not threaten Evans and did not promise him anything. According to the officer, Evans appeared to understand what was happening and read his statement before signing it. The officer added that Evans never attempted to stop talking to the officer and never asked for an attorney. The officer's testimony thus supports the trial court's ruling that Evans's statement was voluntary. Moreover, we conclude that, standing by itself, the fact Evans had earned only a GED is insufficient to make his statement involuntary. In fact, this Court has relied on the fact that a defendant has obtained a GED to hold that he knowingly and intelligently waived his right to counsel.[3] In addition, we cannot conclude that the fact that the officer truthfully informed Evans about finding his fingerprints makes the statement involuntary. Instead, examining the totality of the circumstances, we conclude that the trial court did not err in ruling that Evans's statement was voluntary and admissible.[4]

Evans also appears to be contending that the statement was the result of a "hope of benefit" and thus inadmissible under OCGA § 24-3-50. However, "[g]enerally, the reward of a lighter sentence for con-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Wayne v. State*, 269 Ga. 36, 37-38 (495 SE2d 34) (1998).

[4] *Johnson v. State*, 275 Ga. 655 (571 SE2d 799) (2002); *Lee v. State*, 270 Ga. 798, 800 (514 SE2d 1) (1999).

fessing is the 'hope of benefit' to which [OCGA § 24-3-50] refers."[5] Here, there is no evidence in the record that the officer referred to any possibility of a lighter sentence when he questioned Evans. Accordingly, this contention is without merit.

3. Evans contends that the trial court erred in admitting into evidence an incriminating statement that he made to a cellmate. Evans contends the statement was inadmissible because the cellmate was acting as an agent of the State when Evans made the statement. To support his contention, Evans relies on a statement by the officer that he told Evans's cellmate to "keep his ears open." The record, however, shows that this statement occurred after the cellmate had voluntarily contacted the officer and informed him of the statement of Evans that was admitted into evidence at trial. Thus, the record shows that at the time Evans made his statement to the cellmate, the cellmate was acting on his own initiative and was not acting as an agent for the State.[6]

4. For the foregoing reasons, we affirm Evans's convictions and sentences for malice murder and armed robbery, but vacate his conviction and sentence for felony murder.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.

---

[5] *Taylor v. State*, 274 Ga. 269, 273 (553 SE2d 598) (2001).

[6] See *Burgan v. State*, 258 Ga. 512, 515 (371 SE2d 854) (1988).