## A07A0247. SWAIN v. THE STATE.
(647 SE2d 88)

ELLINGTON, Judge.

A Clayton County jury found Cameron Swain guilty beyond a reasonable doubt of armed robbery, OCGA § 16-8-41 (a), and possession of a weapon during the commission of a crime, OCGA § 16-11-106 (b) (1). On appeal, he contends the trial court erred in admitting his confession to a police officer. Finding no error, we affirm.

Swain's conviction is the result of an armed robbery of a pizza delivery man in November 2004. At the time of the robbery, Swain was 15 years old and in the tenth grade. Swain and a friend from school, Eldrick Nelson, committed the robbery at the home of an accomplice, who had ordered three pizzas. When the pizza delivery man brought the pizzas to the door, Swain ran up to the man and the accomplice, pointed a handgun at the delivery man's stomach, demanded money, forced the man to the ground, and hit him in the head with the gun. The accomplice pretended to be an innocent victim of the robbery as the robbers also "forced" him to the ground. Swain and Nelson took the delivery man's wallet and cell phone. A few days later, police officers stopped Swain while he was walking down the street with the accomplice in the same general area as the armed robbery.[1] Officers found a handgun and a cell phone in Swain's possession, and Swain was charged as a juvenile with possession of a concealed weapon.

After police officers determined that the cell phone in Swain's pocket belonged to the pizza delivery man, a police detective interviewed Swain about the armed robbery. At the time, Swain was in custody based on the juvenile charge, but had not been charged with the robbery. During the interview, which was visually recorded, Swain confessed to committing the armed robbery in the manner described above.

At trial, the State presented a redacted version of the recording of the custodial interview of Swain, as well as Swain's written confession. In addition to other evidence against Swain, Eldrick Nelson, the other robber, testified against Swain.[2] The jury convicted Swain of armed robbery and possession of a weapon during the commission of a crime, and he appeals.

Swain contends that the trial court erred in denying his motion to suppress his confession because he did not make a knowing and voluntary waiver of his constitutional right against self-incrimination.

---

[1] Swain does not challenge on appeal the legality of the stop and subsequent search.

[2] At the time of Swain's trial, Nelson had already pled guilty to the armed robbery.

Before trial, the court conducted a *Jackson-Denno*[3] hearing and viewed the recording of the interview. During the motion hearing, Swain argued that an attorney had been appointed to represent him on the juvenile charge of possession of a concealed weapon. Swain contended that the detective who questioned him about the armed robbery should have contacted the attorney before conducting the interview. Following the hearing, the trial court denied Swain's motion to suppress, finding, inter alia, that Swain "appeared to understand the nature of the charges against him and the rights that he was waiving," that Swain never asked to speak to his guardian or the attorney who was handling his juvenile charge, and that the detective's method of interrogation was not improper. The court also found that the fact that the detective did not notify the attorney before the interview did not require exclusion of Swain's confession.

> Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial. OCGA § 24-3-50. When not made freely and voluntarily, a confession is presumed to be legally false and cannot be the underlying basis of a conviction. To make a confession admissible, it must have been made voluntarily, i.e., without being induced by another by the slightest hope of benefit or remotest fear of injury. . . . The State bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence.

(Citations and punctuation omitted.) *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000). "Unless clearly erroneous, a trial court's factual and credibility determinations related to the admissibility of a confession will be upheld on appeal." (Citation omitted.) *State v. Roberts*, 273 Ga. 514 (1) (543 SE2d 725) (2001).

In this case, the relevant facts are undisputed. The only person who testified at the suppression hearing was the detective who conducted the interview, and the recording of the interview is demonstrative, objective proof of the circumstances surrounding Swain's confession. *State v. Roberts*, 273 Ga. at 514-515 (1). Therefore, the question presented for resolution is whether the trial court erred in its legal conclusion that, based upon this undisputed evidence, Swain's confession was voluntary and admissible under OCGA § 24-3-50. Id. at 515 (1).

Confessions of juveniles must be scanned with more care and received with greater caution than those of adults. *Crawford v. State*,

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

240 Ga. 321, 323 (1) (240 SE2d 824) (1977). "[T]he question of a voluntary and knowing waiver depends on the totality of the circumstances[,] and the [S]tate has a heavy burden in showing that the juvenile did understand and waive his rights." (Citation and punctuation omitted.) Id. We review the evidence de novo to determine whether the State has carried its burden of proving the admissibility of the confession by a preponderance of the evidence. *State v. Roberts*, 273 Ga. at 515 (1).

In determining whether a juvenile's custodial statement was voluntarily and knowingly given, this Court must consider the following factors:

> (1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogations; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date.

(Citations and punctuation omitted.) *Murray v. State*, 276 Ga. 396, 397 (2) (578 SE2d 853) (2003).

The record shows that, at the time of the interview, Swain was a 15-year-old tenth grader who could read and write. He read aloud and signed the *Miranda* warnings and the waiver form during the interview, and wrote out a statement at the end. Swain never asked to speak with his aunt (his guardian) or an attorney, nor was he ever told that he could not speak to someone else. Swain did not ask for food, water, or a break during the interview, which lasted approximately two hours. Before Swain confessed to the armed robbery, the detective made it clear that Swain was a suspect in the robbery and emphasized the seriousness of the charge. Swain had not been questioned or refused to answer questions about the armed robbery prior to the interview, nor had he been charged with the robbery at the time of the interview. He never repudiated his confession afterward, although he did plead not guilty once he was indicted for the robbery. While the detective used some profanities during the interview, called Swain a liar and a coward, and told Swain some lies regarding other evidence that they had against him, the detective did not threaten Swain, nor did the detective promise him anything in exchange for his confession. Swain has failed to cite to any authority to support his argument

that the methods the detective used were improper or otherwise required the exclusion of the evidence.

Therefore, considering the totality of the circumstances and the factors outlined above, we are satisfied that the trial court did not err in finding that Swain voluntarily and knowingly waived his rights and confessed to the armed robbery. See *Murray v. State*, 276 Ga. at 397 (2) (finding that a 15-year-old ninth grader's custodial statement was voluntary under similar circumstances).

As for Swain's argument that the confession should have been excluded because the detective interviewed him without first notifying his court-appointed attorney, we agree with the trial court that the confession did not have to be excluded on that basis.

> The Sixth Amendment right to counsel is *offense-specific*. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. The purpose of the Sixth Amendment counsel guarantee — and hence the purpose of invoking it — is to protect the unaided layman at critical confrontations with his expert adversary, the government, *after* the adverse positions of government and defendant have solidified with respect to a *particular* alleged crime. The right does not apply with respect to one offense where adversary proceedings have been commenced with respect to a different offense, but not that offense.

(Citations and punctuation omitted; emphasis in original.) *Phillips v. State*, 204 Ga. App. 698, 700 (1) (420 SE2d 316) (1992). In this case, at the time of the interview, Swain had not yet been arrested for or charged with the armed robbery, and the juvenile court had only appointed an attorney to represent Swain on the separate offense of possession of a concealed weapon. Accordingly, the fact that the detective did not contact the attorney before questioning Swain about the armed robbery does not require that Swain's confession be suppressed. Id.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2007.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.