## S07A1668. FOSTER v. THE STATE.
(660 SE2d 521)

BENHAM, Justice.

Waylon George was fatally shot in the parking lot of a Cobb County apartment complex where he had arranged to meet someone to purchase cocaine.[1] A woman who had accompanied the victim to the meeting place testified that a white sport utility vehicle with tinted windows drove up and parked on her side of the vehicle in which she and the victim sat. The driver of the SUV then moved the SUV so that the SUV's passenger side was next to the victim's side of the car. The victim left the car to throw away some trash and was shot in the chest as he returned to the car. The woman saw a person holding a gun lean out the window of the SUV at the time the victim was shot, and a .223-caliber cartridge casing was recovered from the scene. The victim's cellular phone records reflected phone calls from a resident of the apartment complex, and the resident told investigating officers the victim had contacted both him and appellant Andrew Foster in an effort to purchase several ounces of cocaine. The resident had arranged to meet the victim in the apartment complex's parking lot to complete the drug transaction and had told appellant of the arrangement shortly before the victim was shot. Appellant told police he had sent two men to meet the victim in the parking lot and rob him, and gave police information about the weapon used to kill the victim. Telephone records indicated that appellant and one of the men he had sent to meet the victim had been in touch telephonically at least sixteen times the day the victim was killed, including one phone call about twelve minutes before the police dispatch concerning the shooting and another phone call approximately four minutes after the dispatch. The two men sent by appellant, Lanny Frazier and Travis Wilson, were indicted with appellant and were found guilty of the charges in a trial that took place before appellant's trial.

---

[1] The victim was killed on February 26, 2005, and, on May 27, 2005, the Cobb County grand jury returned a true bill of indictment charging appellant and two others with malice murder, felony murder (aggravated assault), felony murder (conspiracy to commit armed robbery), aggravated assault, and conspiracy to commit armed robbery. Appellant's trial commenced on November 28, 2005, and, after the trial court directed a verdict of acquittal on the malice murder charge, concluded on December 1, 2005, with the jury's return of guilty verdicts on the remaining charges. Appellant's sentences of life imprisonment for felony murder and a consecutive sentence of 20 years for aggravated assault were entered on December 2, and his timely motion for new trial was filed on December 5, 2005. The motion, amended February 2 and May 2, 2007, was denied on May 3, 2007. Appellant filed a timely notice of appeal on May 23, pursuant to which the appeal was docketed in this Court on July 19. It was submitted for decision on the briefs.

1. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contending that two incriminating statements he made during custodial interrogations were involuntary because they were improperly induced by hope of benefit, appellant sought suppression of the statements.[2] Following a hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court denied the motion after finding that neither statement was induced by an improper hope of benefit. Appellant now asserts that ruling as error.[3]

Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial, and the State has the burden of proving the voluntariness of a confession by a preponderance of the evidence. *State v. Ritter*, 268 Ga. 108 (1) (485 SE2d 492) (1997). OCGA § 24-3-50 requires that an admissible confession "must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." "The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect." *White v. State*, 266 Ga. 134 (3) (465 SE2d 277) (1996). Generally, the "hope of benefit" to which the statute refers has been construed as a hope of lighter punishment. *Preston v. State*, 282 Ga. 210 (2) (647 SE2d 260) (2007) (in the absence of an explicit promise of a lighter sentence, officer's discussion of the death penalty and life without parole was not a hope of benefit but an explanation of the seriousness of the defendant's situation); *Brown v. State*, 278 Ga. 724 (3) (609 SE2d 312) (2004) (no evidence of hope of benefit in the absence of evidence a detective led defendant to believe he would receive a lighter sentence or immediate freedom if he confessed); *Evans v. State*, 277 Ga. 51, 53 (586 SE2d 326) (2003) (no evidence of hope of benefit in the absence

---

[2] Prior to each of the interrogations he underwent, appellant was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and executed a written waiver of rights.

[3] Defense counsel did not waive appellate review of the issue by failing to renew at trial the objection to the admission of the defendant's statements following the unfavorable ruling at the *Jackson-Denno* hearing. *Simpson v. State*, 277 Ga. 356 (2) (589 SE2d 90) (2003). While defense counsel acquiesced to the introduction into evidence of the DVD containing the recordings of the interviews of the defendant for the limited purpose of creating an appellate record, we do not view that limited acquiescence as an affirmative withdrawal by counsel of the objection previously made (compare *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998)) or a statement by which counsel conceded the validity of the trial court's ruling on the voluntariness of the defendant's statements following the *Jackson-Denno* hearing. Compare *Givens v. State*, 281 Ga. App. 370, 371-372 (636 SE2d 94) (2006). Accordingly, we address the merits of appellant's contention.

of evidence an officer referred to any possibility of a lighter sentence when questioning defendant); *State v. Roberts*, 273 Ga. 514 (3) (543 SE2d 725) (2001) (exhortations to tell the truth are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50); *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000) (officer's promise of "years of freedom" in response to defendant's query of what would he get for naming his accomplice was a hope of benefit); *State v. Ritter*, supra, 268 Ga. 108 (1) (implied promise that defendant could not be charged with murder but only aggravated assault if he incriminated himself resulted in an inadmissible confession based upon the hope the defendant faced a lighter possible criminal penalty than he actually faced); *Cooper v. State*, 256 Ga. 234 (2) (347 SE2d 553) (1986) (officer's stated desire to help suspect is not a hope of benefit); *Caffo v. State*, 247 Ga. 751 (3) (279 SE2d 678) (1981) (admonition to tell the truth is not a hope of benefit); *Richardson v. State*, 265 Ga. App. 711, 715 (595 SE2d 565) (2004) (an impermissible hope of benefit may also include the reward of no charges being filed against the defendant).

The statements at issue were made by appellant during the second and third interviews he had with investigating detectives. The first two interviews were conducted while appellant was in custody on a probation violation, and the third interview took place after the issuance of an arrest warrant for appellant in connection with the victim's death, charging appellant with conspiracy to commit armed robbery, conspiracy to commit aggravated assault, and felony murder. During the first interview, appellant acknowledged knowing the victim, admitted having spoken on the telephone with the victim three times the day the victim was killed and three times with one of the men who was later indicted with appellant, and acknowledged he knew the victim had arranged to purchase drugs from a resident of the apartment complex where the victim was killed.

The second interview took place a week later, and the detectives confronted appellant with his telephone records which were at odds with appellant's earlier statements concerning his contact with the victim the day of the shooting. During that interview, the detectives twice told appellant he could be a witness or a defendant. Each time, appellant made an incriminating statement shortly thereafter. Two days later, after obtaining an arrest warrant for appellant, the detectives interviewed appellant for the third time and were focused on finding the weapon. When appellant was not forthcoming about the location of the weapon, the detectives executed a document in which they promised not to press additional charges related to the weapon against appellant. Thereafter, appellant admitted he had

provided the co-indictees with the murder weapon and told the detectives the gun could be found at his father's home.[4]

Appellant contends the interrogators' statements in the second interview that appellant could be a witness or a defendant were implied promises of lighter punishment, including the possibility of escaping punishment altogether. See *State v. Ritter*, supra, 268 Ga. 108 (1). However, in *Duke v. State*, 268 Ga. 425 (2) (489 SE2d 811) (1997), where interrogating officers described the defendant's situation as one in which he could be a witness or a defendant, this Court affirmed the trial court's denial of the motion to suppress, concluding that the officers "clearly did not imply that [the defendant] would not be charged if he was himself involved in the murder[,]" but were only encouraging him to tell the truth. Exhortations to tell the truth are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50. Id.

Appellant maintains that statements he made in the third interview after he and the detectives executed the document promising not to press against him any additional charges related to the weapon were the basis of a detective's trial testimony that appellant was the source of the murder weapon.[5] He contends the detective's testimony should have been suppressed because the written document executed by the detectives was an improper hope of benefit which made appellant's statement involuntary.[6] The transcript of the detectives' interview with appellant reflects that, within one minute of receiving his copy of the signed document, appellant told the detectives he knew where the weapon was and would have it delivered to them. When the detectives expressed their preference of obtaining the weapon at its current location, appellant told them it was at his father's home, that appellant had owned it for two years, and that appellant had given it to his co-indictees when he had given them grated wallboard and directed them to sell it as cocaine to the victim.

---

[4] The true bill of indictment returned by the Cobb County grand jury ten weeks after the third interview contained a count charging malice murder in addition to the charges mentioned in the arrest warrant. At trial, the trial court granted appellant's motion for directed verdict of acquittal on the malice murder charge.

[5] The document signed by appellant and both detectives interviewing appellant stated: "During an interview with Mr. Foster, the discussion about the location of the weapon came up. I advised Mr. Foster that as long as he is cooperative about disclosing the location of the weapon, I personally would not seek any additional charges related to the weapon."

[6] Evidence of appellant's statement was presented to the jury even though, despite the trial court's denial of appellant's motion to suppress on the ground that appellant's statements were not induced by hope of benefit, the prosecuting attorney informed the trial court and defense counsel at the trial's commencement that, out of an abundance of caution, he would not be presenting evidence of statements made by appellant after the detectives and appellant executed the document, or evidence of the murder weapon that was retrieved as a result thereof.

Appellant made the statements that connected him to the murder weapon after being induced to do so by the written promise of the detectives to not press against appellant any additional charges related to the weapons. When appellant told the detectives the location of the gun and his role of providing the gun to his co-indictees, he did so in the hope of receiving no punishment for crimes related to his possession of the weapon. Just as holding out a hope of benefit in the form of lesser punishment is an impermissible hope of benefit that renders a confession involuntary and inadmissible under OCGA § 24-3-50 (*State v. Ray*, 272 Ga. at 452; *State v. Ritter*, supra, 268 Ga. at 110), the "reward" of facing no charges in connection with the weapon is an impermissible hope of benefit that rendered appellant's incriminating statements inadmissible. *Richardson v. State*, supra, 265 Ga. App. at 716. Because appellant's statement, repeated by the interviewing detective during his testimony at trial, was the only evidence before the jury that appellant provided his co-indictees with the weapon they used to kill the victim, we are unable to conclude that the erroneous admission of the testimony was harmless. Accordingly, we reverse the judgment of conviction and remand the case to the trial court for a new trial.

3. We do not address appellant's remaining enumerations of error[7] since they are unlikely to recur on retrial.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 14, 2008 —
RECONSIDERATION DENIED MAY 6, 2008.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Jesse D. Evans, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

[7] Appellant also asserts he received ineffective assistance of counsel at trial; the prosecuting attorney's closing argument included matters that went beyond the scope and content of a stipulation entered into by the parties; and the trial court erred when it imposed sentences.